JOSEPH P. RUSSONIELLO(CA SBN 44332)
United States Attorney
JOANN M. SWANSON (CA SBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CA SBN 172954)
Assistant United States Attorney

450 Golden Gate Avenue
9th Floor, Box 36055
San Francisco, California 94102-3495
Telephone: 415-436-7322
Facsimile: 415-436-6748
michael.t.pyle@usdoj.gov

Attorneys for Defendant United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RODNEY LOVE ET AL, | Case No. C 08-00223 MEJ |
| Plaintiffs, | |
| v. | **DEFENDANT'S MOTION TO DISMISS COMPLAINT** |
| ELCO ADMINISTRATIVE SERVICES ET AL, | Date: February 28, 2008<br>Time: 10:00 a.m.<br>Courtroom B, 15th Floor |
| Defendants. | Hon. Maria-Elena James |

## NOTICE OF MOTION

TO PLAINTIFFS APPEARING IN PRO PER:

PLEASE TAKE NOTICE that on February 28, 2008, at 10:00 a.m., or as soon thereafter as the

matter may be heard in Courtroom B, 15th Floor, before the Honorable Maria-Elena James, United

States Magistrate Judge, at the United States Courthouse located at 450 Golden Gate Avenue, San

Francisco, California 94102, defendant United States of America[1] will appear and move the Court for

an order dismissing the complaint against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure.

---

[1] Federal employee Claudia Noble-Levingston was named in the state court complaint filed by
plaintiffs. However, pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2679(d), this action may proceed
only as an action against the United States of America, subject to the limitations and exceptions
applicable to those actions.

PLEASE FURTHER TAKE NOTICE that pursuant to Civil Local Rule 7-3, plaintiffs' opposition or statement of nonopposition must be served and filed no later than 21 days before the hearing date.  If plaintiffs serve the opposition by mail, it must be mailed three days before the due date, pursuant to Civil Local Rule 5-5.

## ISSUES TO BE DETERMINED

1.  Whether the United States of America should be substituted for Claudia Noble-Levingston, an employee of the Social Security Administration, pursuant to 28 U.S.C. § 2679(d) in light of the filing of a Certification Pursuant to 28 U.S.C. § 2679(d) that was filed with this Court on January 14, 2008.

2.  Whether plaintiffs' action should be dismissed with prejudice pursuant to 28 U.S.C. § 2675 and the cases cited in this motion given plaintiffs' failure to exhaust administrative remedies as required by the Federal Tort Claims Act.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF FACTS

On or about October 26, 2007, plaintiffs filed a small claims court claim in the Superior Court for the County of Alameda.  On January 14, 2007, the federal defendant removed the claim to this Court.  With the notice of removal, defendant United States filed a certification that the individually named defendant, Claudia Noble-Levingston, was acting in the scope of her employment at the time of the matters alleged in the complaint.  Accordingly, the United States of America should be deemed substituted by operation of law as the federal defendant.   Plaintiffs' original complaint seeks $4,000 in damages arising from a traffic accident and presumably is a negligence claim.

Plaintiffs have not alleged that they have filed an administrative claim with the Social Security Administration, or any other federal agency, seeking redress for the allegations stated in this complaint. As set forth in the accompanying declaration from John A. Carlo, Supervisory Attorney with the Social Security Administration, plaintiffs have not filed an administrative claim.

## II. ARGUMENT

### A. Standards Under Rule 12(b)(1)

A Rule 12(b)(1) motion can either attack the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. *Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). Where defendant challenges the actual lack of jurisdiction, as in this case, plaintiff's allegations are not presumed to be truthful, and plaintiff has the burden to prove that jurisdiction exists. *Tosco Corp. v. Communities for a Better Environment,* 236 F.3d 495, 499 (9th Cir. 2001); *Thornhill Publ. Co., Inc.,* 594 F.2d at 733. Plaintiff must do so by presenting admissible evidence to satisfy his burden. *Ass'n of Am. Medical Colleges, v. United States,* 217 F.3d 770, 778 (9th Cir. 2000); *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989), *cert. denied,* 493 U.S. 993 (1989). Thus, the Court is presumed to lack subject matter jurisdiction until plaintiff proves otherwise. *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir. 1989); *Calif. Ex rel. Younger v. Andrus,* 608 F.2d 1247, 1249 (9th Cir. 1979). In sum, plaintiff has the burden of proving jurisdiction in order to survive a motion to dismiss.

This Court can resolve factual disputes, if necessary, to determine whether jurisdiction exists. *See, e.g., Dreier v. United States,* 106 F.3d 844, 847 (9th Cir. 1997); *Thornhill Publ. Co., Inc., supra.* "The district court obviously does not abuse its discretion by looking to this extra pleading material in deciding the issue [of subject matter jurisdiction] even if it becomes necessary to resolve factual disputes." *St. Clair,* 880 F.2d at 201. The district court's findings of fact must be accepted unless clearly erroneous. *See, e.g., Ass'n of Am. Medical Colleges,* 217 F.3d at 778; *La Reunion Francaise SA v. Barnes,* 247 F.3d 1022, 1024 (9th Cir. 2000); *United States ex rel Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 968 (9th Cir. 1999), *cert. denied,* 530 U.S. 1203 (2000). Thus, it is error to treat a Rule 12(b)(1) motion as one for summary judgment, or apply summary judgment standards. *Dreier,* 106 F.3d at 847.

### B. The Court Lacks Subject Matter Jurisdiction.

### 1. The United States Should Be Substituted for Ms. Noble-Levingston

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), provides a cause of action against

the federal government for "persons injured by the tortious activity of an employee of the United States where the employee was 'acting within the scope of his office or employment . . . .'" *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996), citing *Meridian Int'l Logistics v. United States*, 939 F.2d 740, 742 (9th Cir. 1991). The Federal Employees Liability Reform and Tort Compensation Act of 1988 (FELRTCA), which amended the FTCA, provides that "[t]he remedy against the United States" under the FTCA "is exclusive of any other civil action or proceeding for monetary damages." 28 U.S.C. § 2679(b)(1).

The FELRTCA provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). The Attorney General's authority to certify scope of employment has been delegated to the United States Attorney, and further delegated to the Chief of the Civil Division. 28 U.S.C. § 510; 28 C.F.R. § 15.3. A Certification Pursuant to 28 U.S.C. § 2679(d) was filed in this action on January 14, 2008.

The substitution provision of the FELRTCA constitutes a congressional grant of immunity from suit to an eligible federal employee. *Mitchell v. Carlson*, 896 F.2d 128, 133 (5th Cir. 1990); *Pelletier v. Federal Home Loan Bank of San Francisco*, 968 F.2d 865, 873-74 (9th Cir. 1992). The FELRTCA is intended to provide a federal employee with absolute immunity from suit for common law torts committed within the scope of employment.

Certification by the Chief of the Civil Division is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged. *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993), *cert. denied*, 513 U.S. 809, 115 S.Ct. 58, 130 L.Ed.2d 16 (1994). If challenged, a scope of employment certification is subject to *de novo* review by the district court. *Pelletier*, 968 F.2d at 875.

A plaintiff seeking review of the scope certification must present evidence which establishes by a preponderance of the evidence that the employee was not acting within the scope of his or her employment. *Green*, 8 F.3d at 698. The question whether a federal employee whose alleged tortious conduct is the subject of a lawsuit under the FTCA was "acting within the scope of his office or

1  employment" at the time of the injury is to be answered according to the principles of *respondeat*

2  *superior* of the state in which the alleged tort occurred. *Pelletier*, 968 F.2d at 876. Here, the alleged

3  tort occurred in California, thus California law of *respondeat superior* applies.

4        California follows the general "going and coming" rule. *E.g., Ducey v. Argo Sales Co.,*

5  25 Cal. 3d 707, 159 Cal. Rptr. 835, 602 P.2d 755, 763 (1979). "Under the so-called 'going and coming

6  rule' an employee is not regarded as acting within the scope of his employment while going to or

7  coming from his place of work." *Id.* There is an exception to this rule where the government receives

8  an "incidental benefit" from the employee's commute from or to her place of work. *E.g., Hinman v.*

9  *Westinghouse Elec. Co.,* 2 Cal. 3d 956, 992, 88 Cal. Rptr. 188, 192 (1970). "[E]xceptions will be made

10 to the 'going and coming' rule where the trip involves an incidental benefit to the employer, not

11 common to commute trips by ordinary members of the work force [whether or not] . . . the employee

12 [also] receives personal benefits." *Id.* Further, "extraordinary transits that vary from the norm because

13 the employer requires a special, different transit, means of transit, or use of a car, for some particular

14 reason of his own" so that the commute "bestows a special benefit on the employer by reason of the

15 extraordinary circumstances" are actionable exceptions to the rule. *Hinjosa v. Workmen's Comp.*

16 *Appeals Bd.*, 8 Cal. 3d 150, 157, 104 Cal. Rptr. 456, 501 P.2d 1176 (1972). In commenting upon the

17 broad exception to the "going and coming" rule, a California court of appeals explained its limits as

18 follows:

19        the courts have held non-compensable the injury that occurs during a local commute enroute to a fixed
          place of business at fixed hours in the absence of special or extraordinary circumstances. The decisions
20        have thereby excluded the ordinary, local commute that marks the daily transit of the mass of workers to
          and from their jobs.

21 *Church v. Arko*, 75 Cal. App.3d 291, 297, n. 4, 142 Cal. Rptr. 92, 95 n. 4.

22        Here, the car accident did not occur as a result of the employee's ordinary commute, and the

23 Government obtained a significant, clear benefit by allowing the employee to keep the rental car

24 overnight in that the employee needed the car for at least two days and did not have to lose any time

25 renting the car the next day. *See id.; see also Hinman*, 2 Cal. 3d at 992, 88 Cal. Rptr. at 192. Further,

26 plaintiffs have made no allegation that Ms. Noble-Levingston was not acting within the course and

27 scope of her employment in doing the actions alleged, and thus the proper defendant would be the

28 United States of America.

### 2. Plaintiff Has Not Exhausted Administrative Remedies

The doctrine of sovereign immunity bars actions against the United States except where it clearly and explicitly consents to be sued.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  The FTCA waives the United States' immunity for certain torts.  For persons injured as a result of the negligent or wrongful act or omission of a federal employee acting within the scope of her employment, the remedies under the FTCA are "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter . . . ."  28 U.S.C. § 2679(b)(1).

Upon removal to the United States District Court, the United States was automatically substituted for federal defendant Claudia Noble-Levingston.  Accordingly, this action may proceed only as an action against the United States of America pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2679(d), subject to the limitations and exceptions applicable to those actions.

An action under the FTCA requires that the plaintiff first exhaust his administrative remedies. 28 U.S.C. § 2675(a) provides in pertinent part:

> (a)  An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .

28 U.S.C. § 2675(a).  "The claim requirement of section 2675 is jurisdictional in nature and may not be waived."  *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985).

"Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court.  It admits of no exceptions."  *Jerves v. U.S.*, 966 F.2d 517, 521 (9th Cir. 1992).  Where a plaintiff has not exhausted the administrative claims procedure required under the FTCA, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.  *McNeil v. United States*, 508 U.S. 106 (1993).  Section 2675(a) specifies that a suit may not be instituted against the United States unless it is first presented to the appropriate federal agency and either finally denied or permitted to languish for six months without resolution.  28 U.S.C. § 2675(a).  This claim requirement is jurisdictional in nature and may not be waived."  *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986).

1    Plaintiff makes no allegation that he submitted an administrative claim to the Social Security

2  Administration, or any other federal agency or department, as required by the FTCA. Indeed, plaintiffs

3  could make no such allegation in light of the fact that an employee of the Social Security

4  Administration has found no evidence of any administrative claim submitted by plaintiffs regarding this

5  dispute. *See* Declaration of John A. Carlo at ¶ 1-3.   Accordingly, the Court has no subject matter

6  jurisdiction over any state tort law claims against the United States.

7  **III.  CONCLUSION**

8    Plaintiffs' complaint must be dismissed as against the federal defendant, which is properly the

9  United States of America rather than Ms. Noble-Levingston, because plaintiffs have failed to comply

10  with the jurisdictional prerequisites for a tort action against the United States.  Accordingly, there is no

11  subject matter jurisdiction and the complaint should be dismissed as to the United States.

12  Dated: January 18, 2008                                  Respectfully submitted,

13                                                            JOSEPH P. RUSSONIELLO
                                                             United States Attorney
14

15                                                     By:  _____/s/_____
16                                                            Michael T. Pyle
                                                             Assistant U.S. Attorney
17

18

19

20

21

22

23

24

25

26

27

28